UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

THE BANK OF NEW YORK MELLON,
LONDON BRANCH, as Indenture Trustee
under the Indenture dated as of April 30, 2007,

        Interpleader Plaintiff,

        - against -

CART 1, LTD., as Issuer; DEUTSCHE BANK
AG FRANKFURT, as Swap Counterparty;
and CRC CREDIT FUND, LTD.,

        Interpleader Defendants

-------------------------------------------------------X

1:18-cv 06093 (JPO)

## THE BANK OF NEW YORK MELLON, LONDON BRANCH'S ANSWER TO INTERPLEADER DEFENDANT AND COUNTERCLAIM PLAINTIFF DEUTSCHE BANK AG'S COUNTERCLAIM

Interpleader Plaintiff and Counterclaim Defendant Bank of New York Mellon, London Branch ("BNY Mellon"), through its attorneys, Chaffetz Lindsey LLP, answers as follows the counterclaim of Interpleader Defendant Deutsche Bank AG Frankfurt ("Deutsche Bank"):

1.     BNY Mellon admits, on information and belief, the allegations in Paragraph 1.

2.     BNY Mellon admits the allegations in Paragraph 2.

3.     BNY Mellon admits, on information and belief, the allegations in Paragraph 3.

4.     BNY Mellon admits, on information and belief, the allegations in Paragraph 4.

5.     BNY Mellon denies the allegations in Paragraph 5.

6.     BNY Mellon admits the allegations in Paragraph 6.

7.     BNY Mellon admits that, concurrent with its entry into the Swaps, CART 1 issued certain Notes linked to the performance of the Reference Obligations, and admits, on information and belief, the balance of the allegations in paragraph 7.

8.     BNY Mellon admits that it declined to distribute disputed Floating Payments to Deutsche Bank and that it did so after being made aware of allegations by CRC against Deutsche Bank that Deutsche Bank breached its obligations under the Swaps and therefore was not entitled to the Floating Payments. BNY Mellon otherwise denies the allegations in paragraph 8.

9.     BNY Mellon denies the allegations in paragraph 9, and respectfully refers the Court to the documents referenced therein for their terms.

10.     BNY Mellon admits that this dispute concerns, among other things, the documents referenced in paragraph 10 and that Deutsche Bank is an express third party beneficiary under the Indenture.

11.     BNY Mellon admits the allegations in paragraph 11, and respectfully refers the Court to the documents referenced therein for their terms.

12.     BNY Mellon admits the allegations in paragraph 12, and respectfully refers the Court to the relevant documents for their terms.

13.     BNY Mellon admits that Deutsche Bank agreed to make certain periodic payments to the Issuer and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     BNY Mellon admits the allegations in paragraph 14.

15.     BNY Mellon admits the allegations in paragraph 15.

16.     BNY Mellon denies the allegations in paragraph 16, and respectfully refers the Court to the Indenture for its terms.

17.     BNY Mellon admits the allegations in paragraph 17.

18.     BNY Mellon admits that the Indenture subordinates the Noteholders' rights to payments and, with exceptions stated in the Indenture, certain of the Trustee's rights to payment under the Indenture, to the Swap Counterparty's rights to payment to the extent provided in the Indenture, and respectfully refers the Court to the Indenture for its terms.

19.     BNY Mellon admits the allegations in paragraph 19.

20.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     BNY Mellon admits the allegations in paragraph 21.

22.     BNY Mellon admits that the quoted portions of the Confirmations accurately reflect portions of the Confirmations, and respectfully refers the Court to the Confirmations for their terms.

23.     BNY Mellon admits that the quoted portions of the Confirmations accurately reflect portions of the Confirmations, and respectfully refers the Court to the Confirmations for their terms.

24.     BNY Mellon admits that the quoted portions of the Confirmations reflect portions of the Confirmations, and respectfully refers the Court to the Confirmations for their terms.

25.     BNY Mellon admits that the quoted portions of the Confirmations reflect portions of the Confirmations, and respectfully refers the Court to the Confirmations for their terms.

26.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     BNY Mellon admits the allegations in paragraph 27.

28.     BNY Mellon admits the allegations in paragraph 28.

29.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     BNY Mellon admits that the quoted portions of the Confirmations reflect portions of the Confirmations, and respectfully refers the Court to the Confirmations for their terms.

31.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     BNY Mellon admits that the quoted portions of the Confirmations reflect portions of the Confirmations, and respectfully refers the Court to the Confirmations for their terms.

38.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     BNY Mellon admits the allegations in paragraph 52.

53.     BNY Mellon admits that Deutsche Bank agreed to extend the Legal Maturity Date from June 15, 2018 to June 29, 2018, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     BNY Mellon admits that Deutsche Bank provided a Credit Event Notice on July 23, 2013, and a Notice of Accountant Certification on June 6, 2018 and that the Trustee received an Information Report, an Issuer Order and payment instructions, and states that the balance of paragraph 54 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the balance of the allegations and respectfully refers the Court to the relevant documents.

55.     Paragraph 55 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations and respectfully refers the Court to the relevant documents.

56.     BNY Mellon admits the allegations in paragraph 56.

57.     BNY Mellon admits the allegations in paragraph 57.

58.     BNY Mellon admits, on information and belief, the allegations in paragraph 58.

59.     BNY Mellon admits the allegations in paragraph 59.

60.     BNY Mellon denies, on information and belief, the allegations in paragraph 60.

61.     BNY Mellon admits that CRC wrote a letter dated May 29, 2018 to the Trustee and that paragraph 61 accurately quotes portions of the Confirmations, and respectfully refers the

Court to those documents for their contents.  BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 61.

62.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, except admits on information and belief that CRC and Deutsche Bank corresponded and conferred.

63.     BNY Mellon denies the allegations in paragraph 63.

64.     Paragraph 64 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations.

65.     Paragraph 65 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations.

66.     BNY Mellon admits that it did not disburse the Floating Payments to Deutsche Bank.

67.     BNY Mellon admits the allegations in paragraph 67.

68.     BNY Mellon admits that to date Deutsche Bank has not been paid the Floating Payments it claims, and states that the balance of paragraph 68 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     BNY Mellon admits that Deutsche Bank is an intended third party beneficiary under the Indenture, and states that the balance of paragraph 69 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations and respectfully refers the Court to the relevant documents for their terms.

70.     BNY Mellon admits that an event of default occurred under the Indenture after the Trustee declined to distribute the Disputed Funds, and states that the balance of paragraph 70 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations and respectfully refers the Court to the relevant documents for their terms.

71.     BNY Mellon states that paragraph 71 consists of legal conclusions and argument to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations and respectfully refers the Court to the relevant documents, including BNY Mellon's Interpleader Complaint, for their terms.

72.     BNY Mellon states that paragraph 72 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations and respectfully refers the Court to the relevant documents, including the Indenture, for their terms.

73.     BNY Mellon admits that the quoted portions of the Indenture accurately reflect portions of the Indenture, and states that the balance of paragraph 73 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations and respectfully refers the Court to the Indenture for its terms.

74.     BNY Mellon admits that it intends to continue to hold the Disputed Funds until otherwise directed by the Court, and states that the balance of paragraph 74 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations.

75.     BNY Mellon states that paragraph 75 consists of legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is required, BNY Mellon admits the allegations.

76.     BNY Mellon states that paragraph 76 consists of legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is required, BNY Mellon admits the allegations.

77.     BNY Mellon repeats and restates its answer set forth in the preceding paragraphs as though fully set forth herein.

78.     BNY Mellon repeats and restates its answer set forth in the preceding paragraphs as though fully set forth herein.

79.     BNY Mellon admits the allegations in paragraph 79.

80.     BNY Mellon states that paragraph 80 consists of legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is required, BNY Mellon admits the allegations.

81.     BNY Mellon states that paragraph 81 consists of legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is required, BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     BNY Mellon states that paragraph 82 consists of legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is required, BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     BNY Mellon states that paragraph 83 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     BNY Mellon states that paragraph 84 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations in paragraph 84.

85.     BNY Mellon admits the allegations in paragraph 85.

86.     BNY Mellon admits the allegations in paragraph 86.

87.     BNY Mellon admits the allegations in paragraph 87.

88.     BNY Mellon repeats and restates its answer set forth in the preceding paragraphs as though fully set forth herein.

89.     BNY Mellon states that paragraph 89 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon admits the allegations.

90.     BNY Mellon states that paragraph 90 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     BNY Mellon states that paragraph 92 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     BNY Mellon states that paragraph 93 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations.

94.     BNY Mellon states that paragraph 94 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies the allegations.

95.     BNY Mellon states that paragraph 95 consists of legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, BNY Mellon denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     BNY Mellon state that paragraph 96 is part of Deutsche Bank's Prayer for Relief to which no responsive pleading is required.

97.     BNY Mellon state that paragraph 97 is part of Deutsche Bank's Prayer for Relief to which no responsive pleading is required.

98.     BNY Mellon state that paragraph 98 is part of Deutsche Bank's Prayer for Relief to which no responsive pleading is required.

## DEFENSE

1.     BNY Mellon is authorized to secure the Disputed Funds and maintain this interpleader action under federal and state law and under the terms of the Indenture and related documents.

Dated:  New York, New York
        September 13, 2018

                                    Respectfully submitted,

                                    CHAFFETZ LINDSEY LLP
                                    By:  */s/ Scott W. Reynolds*
                                    Scott W. Reynolds
                                    Andreas Frischknecht
                                    1700 Broadway, 33rd Floor
                                    New York, New York 10019
                                    Tel. (212) 257-6960
                                    Fax. (212) 257-6950

                                    *Attorneys for The Bank of New York Mellon,*
                                    *London Branch*